**Victoria MEAD, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

No. 07–15884.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed May 20, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Victoria Mead, Ithaca, NY, pro se.

Geralyn A. Gulseth, Esquire, Assistant Regional Counsel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Victoria Mead appeals the district court's decision affirming the Commissioner of Social Security Administration's denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision affirming the Commissioner's denial of benefits. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). We will overturn the Commissioner's decision only if it is "not supported by 'substantial evidence or it is based on legal error.'" *Id.* We affirm.

The ALJ properly relied on Dr. Moore's testimony, which was consistent with the Social Security regulation's definition of a "marked" impairment or limitation. *See* 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.00(C). The ALJ was under no duty to further develop the record regarding Mead's impairments because the evidence in the record was unambiguous and adequate to allow proper evaluation of those impairments, particularly in light of Mead's own testimony regarding her activities. *See Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

■ The ALJ's finding that Mead's subjective testimony regarding her limitations and inability to work was "not fully credible" is supported by substantial evidence in the record. *See Thomas v. Barnhart,* 278 F.3d 947, 958–59 (9th Cir.2002). The ALJ gave specific, clear, and convincing reasons for the credibility finding, including treatment notes indicating that Mead's depression had improved and that she was responding well to treatment, and Mead's ability to pay her bills, shop, clean, perform chores, take care of her cats, go to church, and volunteer at the homeless kitchen twice per month. In light of this substantial evidence, "we may not engage in second-guessing" and must uphold the ALJ's credibility finding. *Id.* at 959.

■ Because the ALJ's discrediting of Mead's subjective testimony is supported by substantial evidence, it was proper for the ALJ to rely on the vocational expert's testimony based upon a hypothetical that did not include the subjective limitations testified to by Mead. *Cf. Light v. SSA,* 119 F.3d 789, 793 (9th Cir.1997) (noting that an ALJ may omit limitations from a hypothetical that he does not find credible as long as he has made specific findings to that effect).

■ We decline to consider on appeal arguments and evidence not presented to the Commissioner or the district court. *See Greger v. Barnhart,* 464 F.3d 968, 973 (9th Cir.2006) (we will not generally address issues raised for the first time on appeal); *Mayes,* 276 F.3d at 463–64 (denying a claimant's request to submit new evidence when the claimant failed to explain why the new evidence could not have been submitted to the ALJ).

**AFFIRMED.**